IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PODS ENTERPRISES, LLC, )
          Plaintiff, )
)
vs ) Civil Action No. 16-993
)
ALMATIS, INC., ) Magistrate Judge Mitchell
          Defendant. )

MEMORANDUM OPINION AND ORDER

Plaintiff, PODS Enterprises, LLC ("PODS"), brings this action against Defendant, Almatis, Inc. (Almatis), alleging Pennsylvania common law claims of private nuisance, trespass and trespass to chattel. Plaintiff contends that bright white foreign particulates (dust) entered its storage facility from Defendant's neighboring storage facility and was deposited on its customers' storage containers, thereby causing damages to the contents.

Presently before the Court is Defendant's motion to dismiss or strike Plaintiff's demands for attorney's fees. For the reasons that follow, the motion will be granted.

Facts

Plaintiff operates a storage facility at 410 Riverport Drive, Leetsdale, Pennsylvania, which consist of approximately 35,100 square feet in an industrial building located in a multi-tenant real property development known as Leetsdale Industrial Park. Defendant is the occupant of 501 W. Park Road in Leetsdale, located adjacent to the PODS Property. (Am. Compl. ¶¶ 1, 3-4.)[1] Beginning on or about September 7, 2015, Plaintiff notice dust accumulating in its storage facility. The dust was deposited on both the exterior of the storage containers and on the interior of numerous PODS' customers' storage containers, causing damage to the contents. PODS was informed by Tony Rosenburger, a landlord representative of Leetsdale Industrial Park, that the

---

[1] ECF No. 11.

dust was caused by Plaintiff's neighboring tenant, Defendant Almatis. (Am. Compl. ¶¶ 5-6.)

On or about September 22, 2015, PODS received its first customer complaint regarding dust on the contents that were stored in the PODS containers, citing concerns about the presence of the bright white dust and its potential health effects. Between September 23, 2015 and September 27, 2015, representatives from Almatis visited the PODS facility to investigate. These representatives acknowledged the dust and confirmed that it originated from Almatis' property. Plaintiff alleges that the cause of the dust accumulation is the improper or faulty ventilation and filtering system emitting excess aluminum oxide dust from Almatis' facility. (Am. Compl. ¶¶ 7-9, 12.)

Plaintiff states that Almatis has made repeated representations that the dust problem was resolved. However, it alleges that the dust problem has worsened since approximately March or April 2016 and continues to this day. Plaintiff indicates that it has been forced to incur costs including, without limitation, the costs to clean the equipment and premises and relocate to another facility, only to incur additional costs upon returning to the property after misrepresentations by Almatis that the problem had been remedied. (Am. Compl. ¶¶ 13-14.)

Procedural History

Plaintiff commenced this action by filing a Complaint against Defendant in the Court of Common Pleas of Allegheny County on May 16, 2016. Count I alleged a claim of private nuisance. Count II alleged a claim of trespass. Count III alleged a claim of trespass to chattel. Count IV alleged a claim of tortious interference with economic and business relationships. Count V alleged a claim of negligent misrepresentation. Count VI alleged a claim of intentional misrepresentation. Count VII alleged a claim of negligence per se. Each claim sought over $35,000 in damages.

On June 30, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction in that: Plaintiff is a Florida limited liability company owned by the Ontario Teachers' Pension Plan (OTTP) and neither OTPP nor any members of PODS are incorporated or have a principal place of business in either Arkansas or Delaware; Defendant is a Delaware corporation with its principal place of business in Bauxite, Arkansas; and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a). (Notice of Removal ¶¶ 9-27 & Exs. 3-6.)[2]

On August 22, 2016, Defendant filed a partial motion to dismiss (ECF No. 4).[3] It moved to dismiss Counts IV, V, VI and VII and Plaintiff's request for attorney's fees. In response, Plaintiff filed an Amended Complaint on September 13, 2016 (ECF No. 13). The Amended Complaint eliminated Counts IV-VI. However, each of the three remaining counts still contains a request for "legal fees related to consumer, employee, and regulatory liability stemming from the Almatis Dust emissions." (Am. Compl. ¶¶ 19(d), 24(d), 30(d).)

On November 4, 2016, Defendant filed a motion to strike or dismiss Plaintiff's request for attorney's fees (ECF No. 25). On November 19, 2016, Plaintiff filed a brief in opposition (ECF No. 27). On November 30, 2016, Defendant filed a reply brief (ECF No. 28).

<u>Which Rule Applies</u>

A motion to dismiss under Rule 12(b)(6) is based on the argument that the allegations of a claim "fail[] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will

---

[2] ECF No. 1.
[3] Defendant filed an answer with respect to Counts I-III (ECF No. 6).

3

generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party." Miller v. Group Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996) (citations omitted). See also Lakits v. York, 258 F. Supp. 2d 401, 409 (E.D. Pa. 2003).

On its face, Rule 12(f) appears to have no application to a request for attorney's fees, in that it does not constitute "redundant, immaterial, impertinent, or scandalous matter." In addition, as Judge Bissoon has noted:

> Traditionally, when a plaintiff seeks damages that are not recoverable, a defendant will move to dismiss the prayer for that particular relief under Federal Rule of Civil Procedure 12(b)(6). See, e.g. Williamsburg Commons Condo. Ass'n v. State Farm Fire and Cas. Co., 907 F. Supp. 2d 673 (E.D. Pa. 2012); Johnson v. State Farm Life Ins. Co., 695 F. Supp. 2d 201 (W.D. Pa. 2010); Motorola, Inc. v. Airdesk, Inc., 2005 WL 894807 (E.D. Pa. 2005).

China Max, Inc. v. S. Hills CN LLC, 2015 WL 3407869, at *3 (W.D. Pa. May 27, 2015) (Bissoon, J.). A request for attorney's fees does not constitute an "individual allegation" in support of any claim asserted in the complaint. Therefore, a Rule 12(b)(6) motion is the appropriate vehicle for seeking dismissal of a request for attorney's fees that a party contends are not recoverable.

Standard of Review for Motions to Dismiss

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a

4

plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. The Court of Appeals has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Defendant argues that, under well-established Pennsylvania law, a litigant is not entitled to recover attorney's fees from an adverse party unless there is clear statutory authorization, a clear agreement of the parties or some other established exception to the "American Rule." Plaintiff responds that this rule concerns costs of litigation and it is seeking "fees that were incurred in pursuit of determining regulatory reporting requirements due to the alumina dust from Almatis's plant that invaded the PODS facility." (ECF No. 27 at 2.) Defendant replies that courts have rejected this attempt to circumvent the American Rule.

American Rule

"[U]nder the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear

5

agreement of the parties, or some other established exception." Langenberg v. Warren Gen. Hosp., 2013 WL 6147576, at *12 (W.D. Pa. Nov. 22, 2013) (Fischer, J.) (quoting Sayler v. Skutches, 40 A.3d 135, 140 (Pa. Super. 2012)). Plaintiff has not pointed to a statutory basis for attorney fees, and there could be none, as all of Plaintiff's claims are Pennsylvania common law claims. See Prudential Ins. Co. of America v. Hewitt-Jackson, 2014 WL 640260, at *4 (W.D. Pa. Feb. 19, 2014) (McVerry, J.) (rejecting attorney fee's request in common law tort actions). Plaintiff has not alleged an agreement by the parties or some other exception to the American Rule.

Rather, Plaintiff cites to two Supreme Court cases which rely upon statutory exceptions: Hardt v. Reliance Standard Ins. Co., 560 U.S. 242, 252-53 (2010) (addressing statutory attorney's fee shifting mechanism for ERISA claims and citing other fee-shifting statutes); and Baker Botts L.L.P. v. ASARCO LLC, 135 S.Ct. 2158, 2164 (2015) (addressing the recovery of attorney's fee under the United States Bankruptcy Code). Neither statute is at issue here. Moreover, "in an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Montgomery Ward & Co. v. Pac. Indem. Co., 557 F.2d 51, 56 (3d Cir. 1977) (citation omitted).

In addition, Plaintiff argues that it is not seeking to recover attorney's fees incurred in this litigation, but rather costs that were incurred in investigating aspects of the claims prior to bringing suit. Defendant contends that this argument is unavailing.

In a case in which a plaintiff sought to obtain attorney's fees without citing an exception to the American Rule, Judge Lenihan stated that:

> Plaintiff further argues that the quantum of his attorneys' fees represents a consequential damage directly flowing from the Defendants' breach of contract,

> and the amount incurred will be an element of damage against his insurance company, Atlantic States, in the related litigation filed at docket number 2:08-cv-1040. According to Plaintiff, he would not have incurred attorneys' fees in this case and the related litigation but for Defendants breach of the lease and the substantial damage that resulted to the building. Again, Plaintiff fails to cite any legal authority for this proposition. Plaintiff's attempt to recast his attorneys' fees as consequential damages of the breach is unavailing and nothing more than a pedestrian attempt to circumvent the American Rule. Indeed, Pennsylvania appellate courts have held that attorneys' fees are not recoverable as consequential damages. See, e.g., Haverstick v. Erie Gas Co., 29 Pa. 254, 1857 WL 7455, *3 (Pa. 1857) (holding in an action for breach of contract plaintiff could not recover as damages the cost of his attorney's fees to bring the lawsuit); Caldwell v. Keystone Insurance Co., 212 Pa. Super. 379, 243 A.2d 448, 449-50 (Pa. Super. Ct.1968) (superior court affirmed the trial court's denial of the insured's damage claim, holding that the insured could not recover his costs, including attorneys' fees, associated with the obtaining of a judgment against the tortfeasor responsible for the insured's loss).

Lewis v. Delp Family Powder Coatings, Inc., 2011 WL 1230207, at *6 (W.D. Pa. Mar. 31, 2011) (Lenihan, M.J.) Plaintiff argues that this case is distinguishable because it also concerned litigation costs. However, it has pointed to no authority to support its argument that attorney's fees that are incurred outside of the litigation do not constitute "attorney's fees" for purposes of the American Rule.

Plaintiff has provided no basis upon which to recover attorney's fees in this case. Therefore, Defendant's motion to dismiss the request for attorney's fees will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PODS ENTERPRISES, LLC, )
        Plaintiff, )
)
vs )   Civil Action No. 16-993
)
ALMATIS, INC., )   Magistrate Judge Mitchell
        Defendant. )

ORDER

AND NOW, this 27th day of December, 2016,

IT IS HEREBY ORDERED that the motion to dismiss or strike Plaintiff's request for attorney's fees filed by the defendant (ECF No. 25) is granted.

                              s/Robert C. Mitchell_____
                              ROBERT C. MITCHELL
                              United States Magistrate Judge